UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KAYLIN JOHN, by her m/n/ g, YVONNE PEACE,
TYRA ROBINSON by her m/n/g, KEISHA SOLOMON
and KIMBERLEY BROWER

                                  Plaintiff

        -against-                                COMPLAINT
                                             PLAINTIFFS DEMAND
THE CITY OF NEW YORK,                       TRIAL BY JURY
& POLICE OFFICER JOHN DOE 1- 10

                                          17-cv-0038

                             Defendants

------------------------------------------------------------------------X


       Plaintiffs, above named, through their attorney, Michael Colihan, as and for their complaint in this action against the defendants, respectfully set forth and allege as follows:


## PRELIMINARY STATEMENT


       1. This is a civil action for damages brought to redress the deprivation by

defendants of the rights secured to plaintiffs under the Constitution and laws of the United States

and the State of New York. The defendants, upon information & belief  without probable cause,

unlawfully arrested and falsely imprisoned the plaintiffs in New York County . The plaintiffs

suffered loss of liberty and serious and severe psychological injuries, the full nature and extent of

which have yet to be determined. The plaintiff did not consent to any confinement and it was not

otherwise privileged. The plaintiffs were eventually released and, upon information & belief, no

criminal charges were ever brought of filed against them, nor were they arraigned before any

judge.  By the filing of this complaint, the plaintiff now alleges that the individual defendants, the

City of New York & the New York City Police Department violated their rights under 42 USC

Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York

State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims

arising under state law. The plaintiff alleges that the incidents that are the subject of their

complaint are part of a pattern of false arrests and civil rights violations against persons of color,

as well as others,  by members of The New York City Police Department . The motivation for

these unlawful arrests is, upon information & belief,  overtime compensation for the arresting

officers and the statistical needs of the NYPD. The City has displayed a deliberate indifference to

this unlawful and perjurious activity by its employees.

**JURISDICTION**

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 &

1343  of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the

Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further

invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and

decide his New York State Law claims of false arrest, false imprisonment, and the intentional

and negligent infliction of mental & emotional distress against the individual defendant police

officers.   These state law claims form part of the same case and controversy as plaintiff's federal

claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant

police officers and allege intentional conduct, no notice of claim is required. In suits against

municipal or county employees, as opposed to suit against municipalities themselves, " service of

the notice of claim upon the public corporation shall be required only if the corporation has a

statutory obligation to indemnify such person under this chapter or any other provision of law"

N.Y. Gen. Mun. Law Section 50- e (1) n(b).

4.   Venue is properly laid in the Southern District of New York in that this is the District where the claim arose, especially with respect to the managers of the City of New York and The New York City Police Department who allow the unlawful acts complained of to continue as well as the false arrest & incarceration of the plaintiffs and the assault upon them, which occurred in New York County.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38 (b).

## PARTIES

6.  The plaintiff KIMBERLEY BROWER is a female and a resident of the City and State of New York and the County of Kings.

7.  The plaintiff KAYLIN JOHN is a female under the age of 18 years and a resident of the City and State of New York and the County Kings. Her mother is YVONNE PEACE.

8.  The plaintiff TYRA ROBINSON is a female under the age of 18 years and a resident of the City and State of New York and the County of Kings. Her mother is KEISHA SOLOMON.

9.  The defendant THE CITY OF NEW YORK was and is a municipal corporation

organized and existing under the laws of the City and State of New York.

10. The defendant THE CITY OF NEW YORK maintains, operates, manages and controls the New York City Police Department ( hereinafter referred to as "NYPD") a duly authorized police department authorized, organized and existing to perform and carry out all functions of a police department as per the applicable laws, rules, statues and ordinances of the aforementioned municipal corporation THE CITY OF NEW YORK.

11.That the defendants POLICE OFFICERS JOHN DOE 1- 10 were and are agents, servants and employees of the defendant the City of New York .

## STATEMENT OF RELEVANT FACTS

12. That on or about the first day of August, 2016, the plaintiffs were lawfully in the City and State of New York in the County of New York, at or near 1533 York Avenue.

13. The plaintiffs were committing no crime at that time and were not acting in a suspicious manner.

14. At the aforesaid time and place the plaintiffs were unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions.

15.  The defendant officers continued to imprison the plaintiffs after their unlawful

arrest. They were eventually released from police custody without being brought before a judge and, upon information & belief, no criminal charges were brought against them.

16.   The defendant individual officers began said prosecution with malice and otherwise caused said prosecution to be commenced against the plaintiff for the reason of obtaining a collateral objective outside the lawful and legitimate ends of the legal process, to avoid discipline for the aforementioned abuse of authority, to obtain overtime compensation and to obtain credit for an arrest.

17. All of the foregoing took place as a direct and foreseeable result of the unconstitutional policies, customs and practices of the City of New York and the NYPD, including, without limitation, the  falsification of evidence, criminal court complaints and other things to justify the arrest and prosecution of innocent people, including the plaintiffs .

18. The events complained of are not isolated incidents. Defendant CITY OF NEW YORK, and its agents , servants and employees, especially its counsel, managers and supervisors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, notices of claim, complaints filed with the NYPD's Internal Affairs Bureau (IAB) and the CITY OF NEW YORK'S Civilian Complaint Review Board or "CCRB" that many officers of the NYPD, including the defendants, are not sufficiently trained regarding the law of arrest, the definition of probable cause, and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

19. Defendant THE CITY OF NEW YORK is further aware that such improper training has often resulted in a violation of people's civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure to act was a direct result of the acts complained of.

20. Further, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that is the subject of this complaint, that the individual defendants lacked the temperament, objectivity, maturity, discretion and proper disposition to function lawfully as police officers. Despite such notice, the defendant THE CITY OF NEW YORK has retained such officers, and failed to adequately train and supervise them.

21. By reason of the foregoing, plaintiffs sustained injury and damage as described above.

## AS AND FOR A FIRST CLAIM ON BEHALF OF THE PLAINTIFF
### KAYLIN JOHN by her m/n/g YVONNE PEACE
### Deprivation of Rights under 42 U.S.C. Section 1981 & 1983

22.  The plaintiff repeats the foregoing allegations

23.  Each, every and all of the aforementioned acts of defendants, their agents, servants and employees were performed and carried out under color of law.

24. All of the above described acts deprived plaintiff KAYLIN JOHN of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

25. The acts which are the subject of this complaint were carried out by the

aforementioned individually named defendants, in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

26. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom, practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

28. By reason of the foregoing, the plaintiff KAYLIN JOHN  is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CLAIM ON BEHALF OF KAYLIN JOHN by**

**her m/n/g YVONNE PEACE**

Assault & Excessive Force under 42 U.S.C. Section 1983

29. Plaintiff repeats the foregoing allegations.

30. The Defendants assaulted the plaintiff KAYLIN JOHN without just cause, used excessive force upon her, causing him to suffer physical and psychological injury. This included, but was not limited to, placing her in excessively tight handcuffs.

31. By reason of the foregoing, the plaintiff KAYLIN JOHN is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CLAIM ON BEHALF OF KAYLIN JOHN
### by her m/n/g YVONNE PEACE
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

32.  Plaintiff repeats the foregoing allegations .

33.  The Defendants arrested the plaintiff KAYLIN JOHN  without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

34. The individually named defendants caused plaintiff KAYLIN JOHN to be falsely arrested and unlawfully detained.

35. By reason of the foregoing, the plaintiff KAYLIN JOHN is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CLAIM ON BEHALF OF KAYLIN JOHN by
her m/n/g YVONNE PEACE**

Failure to Intervene under 42 U.S.C. Section 1983

36. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

37. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiff whose constitutional rights were being violated in their presence and with their knowledge.

38. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

39. By reason of the foregoing the plaintiff had her liberty restricted for an extended period of time, she was put in fear of his safety, and she was humiliated and subjected to handcuffing and other physical restraints.

40. By reason of the foregoing, the plaintiff KAYLIN JOHN is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CLAIM ON BEHALF OF KAYLIN JOHN by her m/n/g
YVONNE PEACE**

Supervisory Liability under 42 U.S.C. Section 1983

41. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

42.The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

.        43.  By reason of the foregoing, the plaintiff KAYLIN JOHN  is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.


### AS AND FOR AN SIXTH CLAIM ON BEHALF OF KAYLIN JOHN by her m/n/g YVONNE PEACE
Municipal Liability under 42 U.S.C. Section 1983
MONELL VIOLATION


44.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.


.    45. Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.


46. The aforementioned procedures, customs, usage, practices, rules and/or regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to controlled substances , known in the NYPD as "flaking" and the making of false arrests to obtain overtime

compensation, known in the NYPD as "collars for dollars"

47. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and EASTERN Districts of New York, and the names and docket numbers of some of these are set forth below,  the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

48 . That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

49. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.        .

50. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

51. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

52. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

53. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

54. With respect to the individually named defendants, the defendant the CITY OF NEW YORK had notice of the following actions brought in the US District Courts for the Eastern and Southern Districts of New York. The defendant the CITY OF NEW YORK had actual notice of all these actions and those set forth in the preceding paragraphs since its Law Department and Corporation Counsel filed notices of appearance in all these actions and represented the defendants and /or settled all of same:

55. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other

members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and/ or deliberately ignored.

56. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

57. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

58. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

59. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.

60.  As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CLAIM ON BEHALF OF THE PLAINTIFF
## TYRA ROBINSON her m/n/g KEISHA SOLOMON
### Deprivation of Rights under 42 U.S.C. Section 1981 & 1983

61.  The plaintiff repeats the foregoing allegations

62.  Each, every and all of the aforementioned acts of defendants, their agents, servants and employees were performed and carried out under color of law.

63. All of the above described acts deprived plaintiff TYRA ROBINSON of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

64. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

65. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

66.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom, practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

67. By reason of the foregoing, the plaintiff TYRA ROBINSON  is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A EIGHTH CLAIM ON BEHALF OF TYRA ROBINSON by
## her m/n/g KEISHA SOLOMON

Assault & Excessive Force under 42 U.S.C. Section 1983

68. Plaintiff repeats the foregoing allegations.

69. The Defendants assaulted the plaintiff TYRA ROBINSON without just cause, used excessive force upon her, causing him to suffer physical and psychological injury.

70. By reason of the foregoing, the plaintiff TYRA ROBINSON is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CLAIM ON BEHALF OF TYRA ROBINSON

### by her m/n/g KEISHA SOLOMON

False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

71. Plaintiff repeats the foregoing allegations .

72. The Defendants arrested the plaintiff TYRA ROBINSON  without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

73. The individually named defendants caused plaintiff KAYLIN JOHN to be falsely arrested and unlawfully detained.

74. By reason of the foregoing, the plaintiff KAYLIN JOHN is entitled to

compensatory damages in a sum to be decided by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be determined by a jury, and, in

addition, reasonable attorney's fees, costs and disbursements of this action.


**AS AND FOR A TENTH CLAIM ON BEHALF OF TYRA ROBINSON by**

**her m/n/g KEISHA SOLOMON**


Failure to Intervene under 42 U.S.C. Section 1983


75. The plaintiff incorporates by reference the allegations set forth in all

preceding paragraphs as if fully set forth herein.


76. The individual defendants had an affirmative duty and obligation to

intervene on behalf of the plaintiff whose constitutional rights were being violated in their

presence and with their knowledge.


77. The defendants did not intervene to prevent or terminate the unlawful

conduct described herein.


78. By reason of the foregoing the plaintiff had her liberty restricted for an

extended period of time, she was put in fear of her safety, and she was humiliated and subjected

to handcuffing and other physical restraints.

79.  By reason of the foregoing, the plaintiff TYRA ROBINSON is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A ELEVENTH CLAIM ON BEHALF OF TYRA**

**ROBINSON by her m/n/g KEISHA SOLOMON**

Supervisory Liability under 42 U.S.C. Section 1983

80. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

81.The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

.        82.  By reason of the foregoing, the plaintiff TYRA ROBINSON  is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN TWELFTH CLAIM ON BEHALF OF TYRA**

**ROBINSON by her m/n/g KEISHA SOLOMON**

Municipal Liability under 42 U.S.C. Section 1983

MONELL VIOLATION

83.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.


.   84. Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.


85. The aforementioned procedures, customs, usage, practices, rules and/or regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to controlled substances , known in the NYPD as "flaking" and the making of false arrests to obtain overtime compensation, known in the NYPD as "collars for dollars"


86. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the

moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and EASTERN Districts of New York, and the names and docket numbers of some of these are set forth below,  the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

87 . That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

88. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.        .

89. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

90. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

91. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

92. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

93. With respect to the individually named defendants, the defendant the CITY OF NEW YORK had notice of the following actions brought in the US District Courts for the Eastern and Southern Districts of New York. The defendant the CITY OF NEW YORK had actual notice of all these actions and those set forth in the preceding paragraphs since its Law Department and Corporation Counsel filed notices of appearance in all these actions and represented the defendants and /or settled all of same:

94. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and/ or deliberately ignored.

95. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

96.    At all times material to this complaint, defendant THE CITY OF NEW YORK had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

97. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

98. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.

99.  As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRTEENTH CLAIM ON BEHALF OF THE PLAINTIFF

## KIMBERLY BROWER

### Deprivation of Rights under 42 U.S.C. Section 1981 & 1983

100.  The plaintiff repeats the foregoing allegations

101.  Each, every and all of the aforementioned acts of defendants, their agents, servants and employees were performed and carried out under color of law.

102. All of the above described acts deprived plaintiff KIMBERLEY BROWER of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

103. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, in their capacities as officers of the NYPD, with

the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

104. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

105.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom, practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

106. By reason of the foregoing, the plaintiff KIMBERLEY BROWER  is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CLAIM ON BEHALF OF KIMBERLY BROWER

Assault & Excessive Force under 42 U.S.C. Section 1983

107. Plaintiff repeats the foregoing allegations.

108. The Defendants assaulted the plaintiff KIMBERLEY BROWER without

just cause, used excessive force upon her, causing him to suffer physical and psychological injury. This included, but was not limited to, placing her in excessively tight handcuffs.

109. By reason of the foregoing, the plaintiff KIMBERLEY BROWER  is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CLAIM ON BEHALF OF KIMBERLY BROWER

False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

110.  Plaintiff repeats the foregoing allegations .

111.  The Defendants arrested the plaintiff KIMBERLEY BROWER without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

112. The individually named defendants caused plaintiff KIMBERLEY BROWER  to be falsely arrested and unlawfully detained.

113. By reason of the foregoing, the plaintiff KIMBERLEY BROWER  is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury,

and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CLAIM ON BEHALF OF KIMBERLY BROWER

Failure to Intervene under 42 U.S.C. Section 1983

114. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

115. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiff whose constitutional rights were being violated in their presence and with their knowledge.

116. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

117. By reason of the foregoing the plaintiff had her liberty restricted for an extended period of time, she was put in fear of his safety, and she was humiliated and subjected to handcuffing and other physical restraints.

118.  By reason of the foregoing, the plaintiff KIMBERLEY BROWER is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in

addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CLAIM ON BEHALF OF KIMBERLY BROWER

Supervisory Liability under 42 U.S.C. Section 1983

119.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

120.The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

.          121.  By reason of the foregoing, the plaintiff KIMBERLEY BROWER  is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CLAIM ON BEHALF OF KIMBERLY BROWER

Municipal Liability under 42 U.S.C. Section 1983

MONELL VIOLATION

122.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

.  123. Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.

124. The aforementioned procedures, customs, usage, practices, rules and/or regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to controlled substances , known in the NYPD as "flaking" and the making of false arrests to obtain overtime compensation, known in the NYPD as "collars for dollars"

125. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and EASTERN Districts of New York, and the names and docket numbers of some of these are set forth below,  the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

126. That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

127. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.      .

128. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

129. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

130. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

131. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

132. With respect to the individually named defendants, the defendant the CITY OF NEW YORK had notice of the following actions brought in the US District Courts for the Eastern and Southern Districts of New York. The defendant the CITY OF NEW YORK had

actual notice of all these actions and those set forth in the preceding paragraphs since its Law

Department and Corporation Counsel filed notices of appearance in all these actions and

represented the defendants and /or settled all of same:


133. Despite the foregoing, the City of New York exercised deliberate indifference to the

aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action.

The City failed to properly train, retain supervise discipline and monitor the defendants ad other

members of the service guilty of similar abuses. Upon information and belief, the officers

involved in these and other similar matters have been the subject of numerous CCRB and IAB

complaints which the City has failed to properly investigate and/ or deliberately ignored.


134. The City's failure to act resulted in a violation of the plaintiff's constitutional rights


135.   At all times material to this complaint, defendant THE CITY OF NEW YORK

had de facto policies, practices, customs and usages which were a direct and proximate cause of

the unconstitutional conduct alleged herein.


136. At all times material to this complaint, defendant THE CITY OF NEW YORK

failed to properly train, screen, supervise, or discipline employees and police officers, and failed

to inform the individual defendants' supervisors of their need to train, screen, supervise or

discipline the individually named defendants .  The policies, practices, customs, and usages

were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury

and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983

and the United States Constitution, including its Fourth and Fourteenth Amendments.

137. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.

138.  As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiffs respectfully prey to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

January 4, 2017.

.                     This is an electronic signature

--------------/s/------------------------------

MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff

44 Court Street

Suite 906

Brooklyn, NY 11201

(718) 488-7788